[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on March 28, 1995. The amended complaint alleged that on Wednesday, December 22, 1993, the plaintiff was caused to trip and fall as a result of the uneven surface of the sidewalk in front of 141 Church Street, New Haven. The complaint alleged that this sidewalk was controlled, possessed, managed, and/or maintained by the defendant City of New Haven in breach of its statutory dub to use reasonable care to keep its highway, streets and public sidewalks reasonably safe for public use and travel. The complaint further alleged that defendant knew or should have known that said sidewalk was defective, depressed, uneven, unsafe and dangerous for the use of the public. The complaint recited that the defendant was duly notified in accordance with § 13a-149 of the General Statutes and in compliance with the construction of that statute the complaint alleged that all damages and losses sustained by the plaintiff were solely as the result of the violation of the statutory duty imposed by § 13a-149 on the defendant City of New Haven.
Plaintiff alleged she received and suffered from a fall upon her right knee and right side, a fracture of the right patella, CT Page 797 disruption of the patella tendon, bruises and contusions of the right leg and the adverse side effects of medication prescribed in connection with the knee injury which resulted in internal bleeding and hospitalization.
The defendant responded to this complaint by denying the sidewalk was controlled, possessed, managed, and/or maintained by the City, denying that it breached any statutory dub owing to plaintiff, that it had notice of the alleged defective conditions, that the sole proximate cause of plaintiff's injuries, expenses and losses was any breach of a statutory dub by the City. The City admitted receiving timely notice but denied its legal sufficiency.
From the evidence documentary and testimonial the court finds that the plaintiff was a 74-year-old widow on the date in question. Plaintiff, although a longtime resident of New Haven, required a Polish interpreter to present her case. Plaintiff fell in front of 141 Church Street on the travelled portion of the public sidewalk as she moved toward the easterly curb of Church to approach an oncoming bus. The court finds that this sidewalk was controlled, possessed, managed, and/or maintained by the City of New Haven. Disabled by the fall, plaintiff was taken to the Yale New-Haven Hospital where she was confined until December 25, 1993. While hospitalized an open reduction was performed on her right knee involving a partial patellectomy and the reattaching of the patella tendon. Plaintiff's fracture was comminuted which required the surgical removal of bone fragments. Plaintiff's wound healed without infection but she required an orthopedic brace and could not leave her home without assistance until January 13, 1994. During this time she received physical therapy at home. Subsequently, she received out-patient therapy and ultimately out-patient therapy at Gaylord Hospital from April 5, 1994 to June 2, 1994. Plaintiff has achieved maximum medical improvement but suffers from a permanent scar of the right knee together with a 15 percent permanent partial impairment of this knee.
Plaintiff has a life expectancy of 11.1 years. The sole proximate cause of plaintiff's injury and permanent disability was the fall on December 22, 1993 on the public sidewalk in front of 141 Church. Plaintiff incurred orthopedic and hospital expense for the treatment of this injury amounting to somewhat more than $13,000. The court finds these expenses were reasonable and necessary and related to her fall. She also incurred an CT Page 798 additional expense of approximately $10,000 for the diagnosis and treatment of stomach ulcers caused by the anti-inflammatory medication Naprosyn.
Naprosyn was prescribed for plaintiff by Dr. Diana on December 23, 1994 because she was having persistent pain in her right knee. Dr. Diana concluded the pain was caused by synovial inflammation connected to her fracture and subsequent surgery. Naprosyn is an anti-inflammatory medication. A known complication of anti-inflammatory treatment is duodenal and gastric ulcer. Plaintiff claims that she is entitled to recover the medical and hospital expense (economic damages) and noneconomic damages resulting from the ulcers from the City of New Haven claiming that these damages are the proximate result of the City's failure to exercise reasonable care to remedy the defect. To support this claim, plaintiff cites Anderson McPadden, Inc. v. Tunucci,167 Conn. 584, 596 (1975).
Plaintiff's reliance on this case is misplaced. An injured party can recover from the original tortfeasor for damages caused by the negligence of a doctor treating the injury which the tortfeasor caused. For a court to find Dr. Diana negligent in prescribing Naprosyn in the present case, the court would need expert testimony from a medical professional.
Expert testimony is required to set out the standard of care, what that particular standard of care required, and to express an opinion that the treatment accorded the patient failed to meet this standard. Katsetos v. Nolan, 170 Conn. 637 (1976). Expert testimony is also required before a factfinder can infer that a physician's want of skill or care, if any, was the proximate cause of plaintiff's injury. Tomer v. American Home Products,170 Conn. 681, 687 (1976). Since expert medical testimony on these issues was not presented in this case, the court cannot give consideration to the economic and noneconomic damages claim resulting from the side effects of Naprosyn.
The plaintiff was exercising reasonable care for her safety and was not guilty of contributory negligence when she fell. Plaintiff offered expert testimony that a defect existed in the public sidewalk and that this defect existed for a sufficient period to afford the City constructive notice of existence. The court finds that the testimony of plaintiff's expert was credible and that the sole proximate cause of plaintiff's fall and subsequent injuries was the defective condition of the public CT Page 799 sidewalk in front of 141 Church Street. This defect consisted of a difference in elevation of concrete panels at a joint amounting to one and one-quarter inches. In failing to remedy this defective condition, the City failed to exercise its dub to use reasonable care to maintain the public sidewalk in a reasonably safe condition.
Based on these findings, judgment may enter for plaintiff in the amount of $42,000.
Dorsey, J. State Trial Referee